FILED
United States Court of Appeals
Tenth Circuit

August 14, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARCELLINO ESCOBAR,

   Petitioner-Appellant,

v.

JERRY CHRISMAN, Interim Warden,[*]

   Respondent-Appellee.

No. 13-6113
(D.C. No. 5:12-CV-00723-C)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[**]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Petitioner Marcellino Escobar, a state prisoner proceeding pro se, seeks a certificate of appealability to appeal the district court's denial of his § 2254 habeas petition. In November 2005, Petitioner pled guilty to eleven counts of sex-based offenses. He was sentenced to twenty-years' imprisonment on each count, to run concurrently. Petitioner did not challenge his plea or sentence until more than six years later when he moved to modify his sentence in January 2012. In his motion, Petitioner requested that the court reduce his sentence to time served, arguing that under *Padilla v.*

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Jerry Chrisman is substituted for Anita Trammell as the Appellee in this action.

[**] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Kentucky*, 559 U.S. 356 (2010), "ALL immigrants must be told of the deportation risk involved in their making a guilty plea." (R. at 40.) The Oklahoma district court denied Petitioner's motion, and the Oklahoma Court of Criminal Appeals dismissed his appeal.

Petitioner then filed the instant federal habeas petition in July 2012. Respondent filed a motion to dismiss the petition as time-barred. In response, Petitioner argued that his "one year time limit should be restarted w[hen] the Supreme Court issued its ruling in *Padilla v. Kentucky*" and that "his time limit may be restarted by the current question [of the retroactive applicability of *Padilla*] before the Supreme Court." (R. at 97.) The magistrate judge issued a report and recommendation recommending Petitioner's petition be dismissed as untimely. She rejected Petitioner's argument that under 28 U.S.C. § 2244(d)(1)(C), the limitations period should begin to run on the date *Padilla* was decided or made retroactively applicable to cases on collateral review, noting that "[t]he Supreme Court has now determined that *Padilla* does not apply to individuals, such as Petitioner, whose convictions became final before that decision." (R. at 106 (citing *Chaidez v. United States*, 133 S. Ct. 1103, 1105, 1113 (2013)).) She further concluded that neither statutory nor equitable tolling applied. The district court agreed and dismissed the petition as time-barred.

After thoroughly reviewing the record and Petitioner's filings on appeal, we conclude that reasonable jurists would not debate the district court's dismissal of the habeas petition on timeliness grounds. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In light of the Supreme Court's recent decision in *Chaidez*, reasonable jurists would not

debate whether the district court erred in concluding that 28 U.S.C. § 2244(d)(1)(C) does not apply. Nor would reasonable jurists debate whether the district court erred in concluding statutory tolling did not apply, or whether the court abused its discretion by denying equitable tolling where Petitioner failed to show that he diligently pursued his claims or that extraordinary circumstances prevented him from filing his federal habeas petition within the limitations period. Therefore, for substantially the same reasons given by the magistrate judge and the district court, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal. Petitioner's motion to proceed *in forma pauperis* on appeal is **GRANTED**.

Entered for the Court


Monroe G. McKay
Circuit Judge